IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

JAMES A. FANNINGS                                      PLAINTIFF

v.                                            No. 2:09CV157-A-S

STATE OF MISSISSIPPI, ET AL.                            DEFENDANTS

## ORDER OF DISMISSAL

The court, *sua sponte,* takes up the dismissal of the plaintiff's case filed under 42 U.S.C. § 1983. The plaintiff, a prisoner proceeding *pro se*, seeks review of his sentence imposed under the laws of Mississippi. He alleges that the state judge presiding over his criminal case, the prosecuting attorneys, and a deputy sheriff acted separately and together in a conspiracy to secure the plaintiff's conviction. The plaintiff does not challenge the conditions of his confinement, as required under 42 U.S.C. § 1983; he instead challenges the fact and duration of his confinement, a claim which he should have brought as a *habeas corpus* claim under 28 U.S.C. § 2254. A claim under 42 U.S.C. § 1983 does not accrue until the conviction or sentence has been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 489-90 (1994). If Fannings' allegations proved true, then they would necessarily call into question the validity of his conviction – in violation of the rule set forth in *Heck. Id.* As the plaintiff has not shown that his conviction or sentence has been reversed, expunged, invalidated or impugned by the grant of a writ of *habeas corpus*, his claim under 42 U.S.C. § 1983 is not ripe for consideration and are **DISMISSED** without prejudice to his ability to file a *habeas corpus* claim under 28 U.S.C. § 2254.

**SO ORDERED,** this the 5th day of March, 2010.

                                                        /s/ Sharion Aycock
                                                        **U.S. DISTRICT JUDGE**